# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL GERALD WOOD,<br><br>        Plaintiff,<br>vs.<br><br>PACCAR, INC, PETERBILT MOTORS COMPANY, a Wholly Owned Subsidiary of PACCAR, INC, and UNKNOWN FABRICATORS AND MANUFACTURES,<br><br>        Defendants,<br><br>JMJ EQUIPMENT TRANSPORT, INC.,<br><br>        Claimant. | No. 19-CV-1010-LRR<br><br>**ORDER** |

_____

*I.    INTRODUCTION.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

*II.   RELEVANT PROCEDURAL HISTORY.* . . . . . . . . . . . . . . . . . . . . . . . .2

*III.  SUBJECT MATTER JURISDICTION.* . . . . . . . . . . . . . . . . . . . . . . . .2

*IV.  SUMMARY JUDGMENT STANDARD.* . . . . . . . . . . . . . . . . . . . . . . . .3

*V.   RELEVANT FACTUAL BACKGROUND.* . . . . . . . . . . . . . . . . . . . . . . . 4
      *A.    The Parties.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4
      *B.    Overview of the Dispute.* . . . . . . . . . . . . . . . . . . . . . . . .4

*VI.  ANALYSIS.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
      *A.    Parties' Arguments.* . . . . . . . . . . . . . . . . . . . . . . . . . . 6

  B. *Legal Conclusions.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

VII. **CONCLUSION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

## I. INTRODUCTION

The matter before the court is Defendants PACCAR, Inc ("Paccar") and Peterbilt Motors Company's ("Peterbilt") (collectively, "Defendants") "Motion for Summary Judgment" ("Motion") (docket no. 54).

## II. RELEVANT PROCEDURAL HISTORY

On August 22, 2018, Plaintiff Michael Gerald Wood filed a "Petition" (docket no. 3) in the Iowa District Court for Dubuque County. On August 28, 2018, Wood filed the "First Amended Petition at Law" (docket no. 3-1) in the Iowa District Court for Dubuque County. On April 23, 2019, Defendants filed a Notice of Removal (docket no. 1), bringing the case before this court.

On August 7, 2019, Wood filed the "Second Amended Complaint" (docket no. 32), alleging strict liability (Count I) and negligence (Count II) against Defendants; and products liability (Count III) against unknown fabricators and manufacturers pursuant to Iowa Code section 613.18(3). *See generally* Second Amended Complaint ¶¶ 10-39. On August 21, 2019, Defendants filed an Answer (docket no. 33).

On December 18, 2019, Defendants filed the Motion. On January 15, 2020, Wood filed the Resistance (docket no. 67). On January 24, 2020, Defendants filed the Reply (docket no. 78). Wood requests oral argument. *See* Resistance at 1. The court finds that oral argument is unnecessary. Accordingly, Wood's request is denied. The matter is fully submitted and ready for decision.

## III. SUBJECT MATTER JURISDICTION

The court has diversity jurisdiction over the claims because complete diversity exists between the parties and Wood alleges that the amount in controversy exceeds $75,000. *See* U.S.C. § 1332(a)(1) ("The district courts have original jurisdiction of all

civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States.").

## IV. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show'" an absence of a genuine dispute as to a material fact. *Hilde v. City of Eveleth*, 777 F.3d 998, 1003 (8th Cir. 2015) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc)). "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." *Massey-Diez v. Univ. of Iowa Cmty. Med. Servs., Inc.*, 826 F.3d 1149, 1157 (8th Cir. 2016) (quoting *Gazal v. Boehringer Ingelheim Pharm., Inc.*, 647 F.3d 833, 837-38 (8th Cir. 2011)). "The movant 'bears the initial responsibility of informing the district court of the basis for its motion,' and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson*, 643 F.3d at 1042 (alterations in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the movant has done so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex Corp.*, 477 U.S. at 324).

On a motion for summary judgment, the court must view the facts "in the light most favorable to the nonmoving party." *Id.* (quoting *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial," and summary judgment is appropriate. *Ricci*, 557 U.S. at 586 (quoting *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts. . . .'" *Torgerson*, 643 F.3d at 1042 (quoting *Matsushita*, 475 U.S. at 586). Instead, "[t]o survive a motion for summary judgment, the nonmoving party must substantiate [its] allegations with sufficient probative evidence [that] would permit a finding in [its] favor based on more than mere speculation, conjecture, or fantasy." *Williams v. Mannis*, 889 F.3d 926, 931 (8th Cir. 2018) (third alteration in original) (quoting *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 801 (8th Cir. 2011)). Mere "self-serving allegations and denials are insufficient to create a genuine issue of material fact." *Anuforo v. Comm'r of Internal Revenue*, 614 F.3d 799, 807 (8th Cir. 2010). "Evidence, not contentions, avoids summary judgment." *Reasonover v. St. Louis Cty.*, 447 F.3d 569, 578 (8th Cir. 2006) (quoting *Mayer v. Nextel W. Corp.*, 318 F.3d 803, 809 (8th Cir. 2003)).

## V. RELEVANT FACTUAL BACKGROUND

### A. *The Parties*

Wood is a resident and citizen of the State of Arizona. *See* Second Amended Complaint ¶ 1. Paccar is a Delaware corporation with its principal place of business in Bellevue, Washington. *Id.* ¶ 2. Peterbilt is an unincorporated operating division of Paccar with its headquarters and principal place of business in Denton, Texas. *Id.* ¶ 3.

### B. *Overview of the Dispute*

On September 12, 2016, Wood was operating a 2014 Peterbilt Model 579 heavy truck that was involved in a motor vehicle accident. *Id.* ¶ 9; Defendants' Statement of Undisputed Facts in Support of Motion for Summary Judgment ("SUF") (docket no. 58-1) ¶ 1. Wood was driving the truck in the scope of his employment with JMJ Equipment Transport on NW Arterial Road near the intersection of Plaza Drive in Dubuque, Iowa, when another motorist, David McGhee, failed to yield at the intersection and struck

4

Wood. Second Amended Complaint ¶ 9; SUF ¶ 1. McGhee was driving a Honda CR-V, which hit the Peterbilt truck, resulting in the truck striking a traffic signal pole at the intersection. *Id*. Wood and McGhee both sustained injuries. *Id*.

Wood is an Arizona resident, and his employer, JMJ Equipment Transport, Inc. ("JMJ Transport"), is an Arizona business. SUF ¶ 2. JMJ Transport's workers' compensation carrier is Ecole, also an Arizona business. *Id*. Following the September 2016 accident, Wood received workers' compensation benefits from Ecole in Arizona. SUF ¶ 3. Wood has received in excess of $1,100,000 in workers' compensation benefits from Ecole in Arizona. *Id*. Wood will continue to receive workers' compensation benefits coverage from Ecole in Arizona, for current and future treatment. *Id*.

On May 20, 2018, Wood's counsel informed Ecole's counsel that he had been retained for all third-party claims arising from Wood's injuries. SUF ¶ 8. On July 26, 2018, counsel for Ecole informed Wood's counsel by letter that, under Arizona law, "all third[-]party rights pertaining to Woods' on the job injury on September 12, 2016 have been deemed assigned to Ecole, and on behalf of Ecole, demand is hereby made that Woods take no action to interfere with the same." Defendants' Exhibit G (docket no. 58-4) at 2; SUF ¶ 12.[1] On August 10, 2018, Ecole filed suit against McGhee in Arizona. SUF ¶ 16. On August 12, 2018, Wood filed suit against McGhee and Paccar in Iowa. *Id*. ¶ 21. On September 12, 2018, the two-year statute of limitations expired for any

---

[1] In Wood's "Response to [Defendants'] Statement of Facts in Support of Motion for Summary Judgment" (docket no. 67-3), Wood admits that Defendants' Exhibit G "is a fair and accurate copy of . . . [Ecole's counsel's] letter to [Wood's counsel] dated July 26, 2018 and it contains, in part, the quoted language, cited in [Defendants'] statement at paragraph 12." *Id*. at ¶ 12. Wood complains that the quoted language sets forth Ecole's legal conclusions and is not a statement of fact. The court disagrees. Because Wood admits the accuracy of Exhibit G, the court will consider it as part of the factual background for the instant Motion.

claims against Paccar arising out the accident. *Id*. ¶ 22. In an undated letter, which was signed by Ecole and delivered to Wood's counsel in April 2019, Ecole stated that:

> This letter serves to formally confirm on behalf of Ecole that Ecole never asserted any third[-]party rights except as to the Hartford policy which insured McGhee as of the date of the accident, and all other rights were considered by Ecole to remain available to Woods should he desire to pursue the same. This was confirmed by the aforementioned July 26 correspondence.

*Id*. ¶¶ 40-41; Defendants' Exhibit N (docket no. 58-11); Defendants' Exhibit O (docket no. 58-12).

## VI. ANALYSIS

### A. *Parties' Arguments*

Defendants argue that, pursuant to Federal Rule of Civil Procedure 17, Wood "is not a real party in interest and, thus, cannot pursue his claims against [them]." Defendants' Brief in Support of Motion for Summary Judgment ("Defendants' Brief") (docket no. 58) at 5. Specifically, Defendants assert that "any claims [Wood] had against [Defendants] (or any other third party) resulting from the [accident] were automatically assigned to Ecole by operation of [Arizona] law under A.R.S. § 23-1023." *Id*. Defendants maintain that "Arizona law, not Iowa law, determines whether [Wood] is a real party in interest." *Id*. at 6. Specifically, Defendants assert that, pursuant to Restatement (Second) of Conflict of Laws § 185 and *Moad v. Dakota Truck Underwriters*, 831 N.W.2d 111 (Iowa 2013), because Wood "obtained workers' compensation benefits in Arizona through Ecole, an Arizona benefits provider," this court "must apply Arizona state law to determine what interest Ecole (and, by implication, [Wood]) has in tort against third parties (including [Defendants]) as a result of the [accident]." *Id*. at 6-7. Defendants contend that, under Arizona law, the "automatic statutory assignment of Wood's claims to Ecole on September 13, 2017 included each and every claim Wood

6

could have asserted against . . . [Defendants] as a result of the [accident]." *Id*. at 7. Defendants argue that summary judgment is appropriate because "Ecole's reassignment of claims in April 2019 occurred long after the statute of limitations expired and did not operate retroactively." *Id*. at 9. Thus, Defendants maintain that Wood "was not the real party in interest under Fed. R. Civ. P. 17(a)(1) at the time he filed this action, and because his claims were not reassigned until after the statute of limitations expired, such claims are incurably time-barred." *Id*. at 12.

Wood responds that Defendants' summary judgment motion should be denied because he is the real party in interest. *See generally* Wood's Brief in Support of His Resistance to Defendant[s'] Motion for Summary Judgment ("Wood's Brief") (docket no. 75) at 21. Specifically, Wood argues that, "even assuming that [his] status as a real party in interest was ever assigned to Ecole, Ecole reassigned all Wood's rights as of July 26, 2018, thereby avoiding the statute of limitations bar[.]" *Id*. Further, Wood maintains that, "[w]hen Ecole assigned the rights to Wood this also operated as ratification under the joinder rules of [Rule] 17(a)(3)." *Id*. Additionally, Wood argues that, "[e]ven assuming arguendo, that the [court] were to apply A.R.S. [§] 23-1023 to this case, Fed. R. Civ. [P.] 17(a) governs the real party in interest issue and requires denial of the motion for summary judgment based on relation back." *Id*. at 28. Wood maintains that he "cured any possible real party in interest deficiencies before Defendant[s] ever objected to them." *Id*. at 33. Wood concludes that Defendants are "not entitled to summary judgment based on its objection and the motion should be summarily denied in its entirety." *Id*. at 38.

### B. Legal Conclusions

Fed. R. Civ. P. 17(a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest." *Id*. "The function of this rule 'is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to

insure generally that the judgment will have its proper effect as res judicata.'" *Curtis Lumber Co., Inc. v. Louisiana Pacific Corp.*, 618 F.3d 762, 771 (8th Cir. 2010) (quoting Fed. R. Civ. P. 17(a) advisory committee note (1966)). Thus, "Rule 17(a) requires that the plaintiff 'actually possess, under the substantive law, the right sought to be enforced.'" *Curtis Lumber Co.*, 618 F.3d at 771 (quoting *United HealthCare Corp. v. Am. Trade Ins. Co., Ltd.*, 88 F.3d 563, 569 (8th Cir. 1996)).

First, the court must determine what law applies to determine the real party in interest. "A district court, sitting in diversity, must follow the choice-of-law approach prevailing in the state in which it sits." *Jackson v. Travelers Ins. Co.*, 26 F.Supp.2d 1153, 1156 (S.D. Iowa 1998) (quoting *Dorman v. Emerson Elec. Co.*, 23 F.3d 1354, 1358 (8th Cir. 1990)).

In resolving a choice-of-law issue, courts apply the following four analytical steps: "(1) characterize the nature and the cause of action; (2) decide if a conflict of law exists; (3) identify the law that applies based on the forum state's choice-of-law principles; and (4) determine which state's substantive law applies based on the application of the forum state's choice-of-law principles." *Weitz Co., LLC v. Lexington Ins. Co.*, 982 F.Supp.2d 975, 982 (S.D. Iowa 2013) (citing *Jackson*, 26 F.Supp.2d at 1156-57). Here, while Wood's claims against Defendants sound in tort, *see generally* Second Amended Complaint, the issue to be resolved in the instant Motion is whether Wood is a real party in interest. As Defendants assert in their Reply Brief, "Arizona law is irreconcilably inconsistent with Iowa law" as A.R.S. § 23-1023(B) "grants an assignment of the totality of potential claims against third parties to the [workers' compensation] carrier," while in contrast, "Iowa Code [section] 85.22 grants the [workers' compensation] carrier only a subrogation interest in part of [a] claim against third-parties." Defendants' Reply Brief at 2. Specifically, A.R.S. § 23-1023(B) provides that, "[i]f the employee who is entitled to compensation under this chapter or the employee's dependents do not pursue a remedy

8

pursuant to this section against the other person by instituting an action within one year after the cause of action accrues . . . the claim against the other person is deemed assigned to the insurance carrier[.] . . ." *Id*. On the other hand, Iowa Code § 85.22 provides that, "[i]n case the employee fails to bring such action within ninety days, . . . within thirty days after written notice . . . given by the employer or the employer's insurer . . . then the employer or the insurer shall be subrogated to the rights of the employee to maintain the action against such third party, and may recover damages for the injury to the same extent that the employee might." *Id*. In comparing the two statutes, the court finds that a conflict exists. *See Am. Commercial Lines, Inc. v. Valley Line Co.*, 529 F.2d 921, 925 (8th Cir. 1976) ("The rights of an assignee differ from those of a person entitled to subrogation.").

In *Moad v. Dakota Truck Underwriters*, 831 N.W.2d 111 (Iowa 2013), the Iowa Supreme Court adopted Restatement (Second) of Conflict of Laws section 185. *Id*. at 118-19. Section 185 provides that "[t]he local law of the state under whose workmen's compensation statute an employee has received an award for an injury determines what interest the person who paid the award has in any recovery for tort or wrongful death that the employee may obtain against a third person on account of the same injury." REST 2d CONFL § 185. The comments to § 185 provide the following rationale:

> Situations arise where an employee while acting in the course of his [or her] employment is injured by the wrongful conduct of a third party who is not declared immune from liability for tort or wrongful death by an applicable workmen's compensation statute (*see* § 184). In such situations, the third party remains liable even after an award has been rendered and paid. The workmen's compensation statutes differ as to what interest the person who has paid the award has in the recovery on the cause of action against the third party. Under some statutes, acceptance of compensation by an injured employee or his [or her] dependents terminates his [or her] rights against the third party. In such a case, only the person who has paid the award (either the employer or an insurer) has an interest in the cause of action. Other statutes provide, however, that the person who has paid the award

9

> shall be reimbursed out of the proceeds of the judgment, and that the employee shall receive any sum that may remain.
>
> Under the rule of this Section, the local law of the state under whose workmen's compensation statute the claimant has received an award for an injury determines what interest the person who paid the award has in the recovery on any cause of action for tort or wrongful death that the employee may have against a third person on account of the same injury.

REST 2d CONFL § 185 cmt. a. Because Wood obtained workers' compensation benefits in Arizona through Ecole, an Arizona benefits provider, the court finds that Arizona law is applicable for determining the real party in interest in this matter.

Defendants argue that, pursuant to A.R.S. § 23-103(B), the "automatic statutory assignment of Wood's claims to Ecole on September 13, 2017 included each and every claim Wood could have asserted against . . . [Defendants] as a result of the [accident]." Defendants' Brief at 7. Defendants maintain that "Arizona law plainly provides that an automatic assignment pursuant to A.R.S. § 23-1023 transfers an employee's interest in any claim—including tort claims against third parties—to the workers' compensation carrier, and that the employee retains no interest in any claim against third parties." *Id.*; *see also Stephens v. Textron, Inc.*, 619 P.2d 736, 738 (Ariz. 1980) (providing that a claim assigned pursuant to A.R.S. § 23-1023(B) divests the plaintiff of any interest in the action); *Hertel v. Home Ins. Co.*, 604 P.2d 269, 271 (Ct. App. Ariz. 1979) (explaining that, when a claim is assigned to a workers' compensation carrier under A.R.S. § 23-1023, "the whole claim is assigned to the carrier and there is no equitable or beneficial interest which remains in the employee"); *K.W. Dart Truck Co. v. Noble*, 567 P.2d 325, 327 (Ariz. 1977) ("There is no implication from the language of the statute that the whole claim is not assigned to the carrier. Nor is there an equitable or beneficial interest which remains in the employee.").

Here, the accident giving rise to the present action occurred on September 12, 2016. Following the September 2016 accident, Wood received workers' compensation benefits from Ecole in Arizona. It is undisputed that Wood did not file any action against any third-party, including Defendants, within one year of the accident. Therefore, pursuant to A.R.S. § 23-1023(B), all third-party claims that Wood may have had were assigned to Ecole. Indeed, on July 26, 2018, counsel for Ecole informed Wood's counsel by letter that, under Arizona law, "all third[-]party rights pertaining to Woods' on the job injury on September 12, 2016 have been deemed assigned to Ecole, and on behalf of Ecole, demand is hereby made that Woods take no action to interfere with the same." Defendants' Exhibit G at 2; SUF ¶ 12. While Wood claims that the July 2018 letter constitutes a reassignment of third-party rights, the court finds that, on its face, such an argument is unpersuasive. The caption alone at the top of the letter makes clear that the July 2018 letter is not a letter of reassignment of third-party claims to Wood. The caption reads: "**NOTICE OF AUTOMATIC STATUTORY ASSIGNMENT OF ALL THIRD-PARTY RIGHTS TO ECOLE [AND] DEMAND TO DESIST FROM INTERFERENCE WITH SAME**." Defendants' Exhibit G (emphasis in original). Further, in the July 2018 letter, Ecole states that it "*will consider* assigning rights to other third parties in exchange for assignment of the Hartford policy to Ecole[,]" but "[e]ither way, demand is made that Woods desist from pursuing any claims inconsistent with Ecole's rights." *Id*. (emphasis added). Additionally, the July 2018 letter provides that "Mr. Woods must refrain from bringing any claims in Iowa which will interfere with Ecole's subrogation rights." *Id*. at 2. Based on the foregoing, on its face, the July 2018 letter does not appear to constitute a reassignment of third-party claims to Wood.

However, in October 2018, Ecole's counsel, by email to Wood's counsel suggested that the July 2018 letter may have served as evidence of Ecole's willingness to

11

reassign certain third-party claims to Wood. Specifically, the email, dated October 16, 2018, provides that:

> We advised you in our letter that we had no intent of pursuing third parties. It was incumbent upon you to ask for what you needed. Not on my client to guess as to what you need.
>
> You may interpret the July letter as offering you those rights, as we had no intent on pursuing them. I'm happy to provide clarification if you would like to consider that a "reassignment" and will speak to Ecole about that in advance of whenever we can get a call scheduled.

Wood's Appendix (docket no. 68) at 206. In an undated letter from April 2019, Ecole formally reassigned third-party claims, except for those against David McGhee, to Woods. The April 2019 letter provides in pertinent part:

> This letter serves to formally confirm on behalf of Ecole that Ecole never asserted any third[-]party rights except as to the Hartford policy which insured McGhee as of the date of the accident, and all other rights were considered by Ecole to remain available to Woods should he desire to pursue the same. This was confirmed by the aforementioned July 26[, 2018] correspondence.
>
> This confirmation of reassignment, pursuant to A.R.S. § 23-1023(B)(4), does not in any way affect any statutory liens Ecole may possess in this matter against third parties other than McGhee.

Defendants' Exhibit N.

It is clear that, on its face, the July 2018 letter did not constitute a reassignment of third-party claims to Wood by Ecole, prior to Wood filing this action. However, informally, by October 2018, and formally, by April 2019, both dates after the two-year statute of limitations had run, it is clear that Ecole had reassigned third-party claims, except against McGhee, to Wood. Thus, the question that remains is whether Ecole's reassignment relates back to Wood's filing of this action in August 2018, which was within the applicable statute of limitations.

"In a diversity action, state law determines the issue of who is a real party in interest." *Jaramillo v. Burkhart*, 999 F.2d 1241, 1246 (8th Cir. 1993). However, while state law determines the real party in interest, "federal law governs the substitution procedure" for a district court to follow. *Kuelbs v. Hill*, 615 F.3d 1037, 1041 (8th Cir. 2010); *see also Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (providing that federal procedural rules apply to procedural issues in diversity actions, but state law is applicable in substantive issues). Accordingly, the court will rely on Fed. R. Civ. P. 17(a) for determining whether Ecole's reassignment constituted a ratification under Rule 17(a)(3) for purposes of relating back to Wood's filing of this action in August 2018.

Fed. R. Civ. P. 17(a)(3) provides that a "court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." *Id*. Fed. R. Civ. P. 17(a) "requires that the party who brings an action actually possess, under the substantive law, the right sought to be enforced." *United HealthCare Corp. v. Am. Trade Ins. Co., Ltd.*, 88 F.3d 563, 569 (8th Cir. 1996). The purpose of this requirement is "to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." *Id*. (quoting Fed. R. Civ. P. 17(a), Advisory Committee Note). Fed. R. Civ. P. 17 also "ensures that the real party in interest rule is not used to preclude cases from being heard on the merits in appropriate circumstances." *BBJ, Inc. v. MillerCoors*, LLC, No. 12-cv-11305-IT, 2017 WL 925004, at *4 (D. Mass. Mar. 8, 2017); *see also Estate of Butler ex rel. Butler v. Maharishi Univ. Mgmt.*, 460 F.Supp.2d 1030, 1037 (S.D. Iowa 2006) ("Rule 17 provides a method for preventing the forfeiture of legitimate actions that are

13

mistakenly brought by a party other than the real party in interest."). "An agreement which ratifies the commencement and continuation of an action or reassigns the respective interests is normally sufficient under Rule 17 to cure any real party in interest defects." *DeVries v. Weinstein Int'l Corp.*, 80 F.R.D. 452, 459 (D. Minn. 1978); *see also Audio-Visual Marketing Corp. v. Omni Corp.*, 545 F.2d 715, 719 (10th Cir. 1976) (providing that, when a real party in interest objection is raised, the basis for such an objection may be "cured by reassignment and ratification," which is "in line with Rule 17(a) which states that an action should not be dismissed on the ground that it is not prosecuted in the name of the real party in interest until the plaintiff has been given a reasonable time to remedy the situation"); *Tip Top Credit Union v. Cumis Ins. Soc'y*, Case No. 84-1794-C, 1988 WL 383484, at *3 (D. Kan. Jan. 29, 1988) ("A ratification by the real party not included in the action to the effect that the party suing is capable of enforcing the right and that it will be bound by the results of that action is deemed sufficient to cure any objections. *Nat. Safe Corp. v. Texidor Sec. Equip., Inc.*, 101 F.R.D. 467, 469 (D.P.R. 1984)"); *Resolution Trust Corp. v. Scaletty*, 810 F.Supp. 1505, 1507-09 (D. Kans. 1992) (allowing ratification to cure real party in interest deficiency); *Butler*, 460 F.Supp.2d at 1039 (finding that, "[u]nder Rule 17, . . . ratification avoids a statute of limitations bar, because the action is treated as if brought in the name of the real party in interest . . . at the commencement of the action on February 27, 2006"); *BBJ, Inc.*, 2017 WL 925004, at *4 ("Here, the purposes of the real party in interest rule have been served, as the reassignment back to BBJ protects Defendants from facing a subsequent similar action brought by the former assignee. Accordingly, the court finds ratification in the reassignment of the claims back to BBJ, and considers Article III standing 'as if [the action] had been originally commenced by the real party in interest.'") (quoting Fed. R. Civ. P. 17(a)(3)).

Here, while Wood claims that Ecole ratified the reassignment in July 2018, prior to the statute of limitations running, a claim that appears unreasonable on its face, it is clear that, by October 2018, Ecole had informally ratified and reassigned third-party claims, except for McGhee, to Woods. *Compare* Defendants' Exhibit G (July 2018 letter from Ecole) *with* Wood's Appendix at 206 (October 2018 email from Ecole's counsel to Wood's counsel, stating "[y]ou may interpret the July letter as offering you those [third-party] rights, as we had no intent on pursuing them. I'm happy to provide clarification if you would like to consider that a "reassignment" and will speak to Ecole about that[.]"). Even more clear, by April 2019, Ecole formally ratified and reassigned third-party claims, except for McGhee, to Woods. *See* Defendants' Exhibit N (April 2019 letter from Ecole, providing that "[t]his letter serves to formally confirm on behalf of Ecole that Ecole never asserted any third[-]party rights except as to the Hartford policy which insured McGhee as of the date of the accident, and all other rights were considered by Ecole to remain available to Woods should he desire to pursue the same. This was confirmed by the aforementioned July 26[, 2018] correspondence."). Fed. R. Civ. P. 17(a)(3) provides that, "[a]fter ratification . . . the action proceeds as if it had been originally commenced by the real party in interest." *Id*. Accordingly, any real party in interest and/or statute of limitations issue in this case is avoided because Ecole's April 2019 ratification and reassignment of third-party rights to Wood relates back to Wood's timely commencement of this action in August 2018. *See Butler*, 460 F.Supp.2d at 1039 (finding that, "[u]nder Rule 17, . . . ratification avoids a statute of limitations bar, because the action is treated as if brought in the name of the real party in interest . . . at the commencement of the action"); *BBJ, Inc.*, 2017 WL 925004, at *4 (same).

Defendants complete reliance on Arizona cases is misplaced. Arizona procedural law does not govern here. As the court has already found, Fed. R. Civ. P. 17(a) governs the determination of whether Ecole's ratification by reassignment procedurally relates

15

back to when Wood filed the complaint in this action, not Arizona law. *See Kuelbs v. Hill*, 615 F.3d 1037, 1041 (8th Cir. 2010) (providing that, while state law determines the real party in interest, "federal law governs the substitution procedure" for a district court to follow); *see also Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (providing that federal procedural rules apply to procedural issues in diversity actions, but state law is applicable in substantive issues). Moreover, none of the Arizona cases cited by Defendants address reassignment in the context of Fed. R. Civ. P. 17(a). Finally, the court finds additional support for its conclusions in Judge Froeb's special concurrence in *Dunn v. Progressive Industries, Inc.*, 734 P.2d 604 (Ct. App. Ariz. 1986), which the court finds persuasive. In his special concurrence, Judge Froeb pointed out that:

> One faulty assumption made under both *Stephens* [*v. Textron, Inc.*, 619 P.2d 736 (Ariz. 1980)] and *Lawson* [*v. Arnold*, 670 P.2d 409 (Ct. App. Ariz. 1983)] is that the insurer had nothing to reassign to the plaintiff after the running of the two-year statute of limitations. The statute of limitations is not a jurisdictional bar to a cause of action. It is an affirmative defense that must be raised or it is waived. . . . It has no legal effect upon a cause of action until the court enters an order giving it judicial effect by dismissing the complaint. Until then, it is nothing more than an allegation in the defendant's answer. Theoretically, a cause of action exists *ad infinitum*. Until the statute of limitations is ruled on by the court as a defense to the claim, the claim continues to exist in legal contemplation.

*Id*. at 607. Further, Judge Froeb noted that "A.R.S. § 23-1023(B) specifically allows the reassignment of a claim from the insurer to the injured party, but the statute does not limit the time within which a reassignment may be made." *Id*. Judge Froeb explained that the defendant in *Dunn*, when he filed his claim, "had no interest in it, and when he obtained the reassignment, the period of limitations had run." *Id*. at 608. Judge Froeb stated that, "[a]lthough [the plaintiff] could not *maintain* his claim without being the real party in interest, when he became the real party in interest his claim *could* be maintained."

16

*Id*. (emphasis in original). Turning to Rule 17(a),[2] Judge Froeb explained that Rule 17(a) "allows for the ratification of the plaintiff's status as the real party in interest within a reasonable time." *Id*. Bearing the foregoing in mind, Judge Froeb offered the following analysis of the plaintiff's action:

> Rule 17(a) is directly applicable to [the plaintiff's] cause of action. His lack of ownership in the claim is cured when he obtains the reassignment. As we held in *Hugh Kelly Enterprises, Inc. v. Ferry-Morse Seed Co.*, 118 Ariz. 392, 577 P.2d 1 (App. 1978), assignment of the cause of action ratified the real party in interest's claim. Even though the plaintiff in *Hugh Kelly Enterprises* did not own his claim when it was filed, the assignment gave his claim life. We held that the ratification related back to the filing date of the original complaint by the operation of [R]ule 17(a). In view of this, the asserted bar of the statute of limitations would be unavailing against [the plaintiff's] claim.

*Id*.

Judge Froeb's special concurrence is directly on point to this case and fully comports with Fed. R. Civ. P. 17(a)(3). Pursuant to Fed. R. Civ. P. 17(a)(3), Ecole's reassignment in April 2019, ratified Wood's third-party rights, except as to McGhee. In accordance with Rule 17(a), the ratification relates back to Wood's timely filing of the initial complaint in August 2018, which was within the statute of limitations. *See* Fed. R. Civ. P. 17(a)(3) ("After ratification, . . . the action proceeds as if it had been originally commenced by the real party in interest."). Thus, Wood was the real party in interest prior to Defendants even raising the issue in August and December 2019. *See* Answer (docket no. 33) at 10, ¶ 6 (raising affirmative defense of real party in interest in August 2019); *compare with* Defendants' Exhibit N (Ecole's Letter formally ratifying and

---

[2] Arizona Rule of Civil Procedure 17(a) is identical to Fed. R. Civ. Pro. 17(a).

reassigning third-party claims to Wood, which was received by Wood's counsel in April 2019). Accordingly, Defendants' Motion for Summary Judgment shall be denied.

## *VII.  CONCLUSION*

In light of the foregoing, Defendants PACCAR, Inc and Peterbilt Motors Company's Motion for Summary Judgment (docket no. 54) is **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 27th day of March, 2020.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA